IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| FATOUMA KAMARA; | CIVIL ACTION NO. 3:12-CV-143 |
| LINDA OGBONNA; | 3:12-CV-144 |
| HENRIETTA DEDO; | 3:12-CV-145 |
| MARIATU WANN; | 3:12-CV-146 |
| NYNDAN SUMA; | 3:12-CV-147 |
| BILIKI DOUGLAS; | 3:12-CV-148 |
| FLORE KOM; | 3:12-CV-149 |
| MATTHEW FONDU; | 3:12-CV-150 |
| LOVELINE ASONGANYI; | 3:12-CV-151 |
| VERONICA DARIA; | 3:12-CV-152 |
| SARAH NYELENKEH; | 3:12-CV-153 |
| KADIATU SHAW; | 3:12-CV-154 |
| ALFRED SESAY; | 3:12-CV-155 |
| EZEKIEL AKANDE; | 3:12-CV-156 |
| MARIE S. JOSEPH; | 3:12-CV-157 |
| JOSEPH P. THOMAS; | 3:12-CV-158 |
| HANNAH COLE; | 3:12-CV-159 |
| YOLETTE JOANIS; | 3:12-CV-160 |
| LOUISA EWII; | 3:12-CV-161 |
| MARIE N. DUBUCHE; | 3:12-CV-162 |
| ADAMA C. KARGBO; | 3:12-CV-167 |
| PAULINA EYIAH; | 3:13-CV-31 |
| ELLEN OWUSU, | 3:13-CV-32 |

       Plaintiffs,

v.                                    (JUDGE GROH)

**CHARLES H. POLK;**
**MOUNTAIN STATE UNIVERSITY, INC.;**
**MOUNTAIN STATE UNIVERSITY BUILDING COMPANY;**
**MOUNTAIN STATE UNIVERSITY FOUNDATION, INC.;**
**MOUNTAIN STATE UNIVERSITY ENDOWMENT FUND, INC.,**

       Defendants.

# MEMORANDUM OPINION AND ORDER DENYING JOINT MOTION TO STAY PROCEEDINGS

Currently pending before the Court are the parties' joint motions to stay proceedings and refer cases to mediation. The parties request that this Court stay these cases under the Colorado River[1] abstention doctrine until the MSU Defendants[2] settle or abandon attempts to settle state court actions arising from Mountain State University's ("MSU") loss of accreditation that are currently pending before West Virginia's Mass Litigation Panel ("MLP"). Having considered the parties' arguments, the Court **DENIES** this motion.

## I. Background

The Plaintiffs were nursing students at MSU, which lost its accreditation. They filed these cases from December of 2012 through March of 2013 concerning the loss of accreditation. Their complaints raise eight claims, one Racketeer Influenced and Corrupt Organizations Act claim and seven state law claims.

On April 26, 2013, the parties moved to stay and refer these cases to the MLP proceeding for mediation. The Court granted this motion in part, staying the cases but finding no authority to refer the cases to the MLP. In doing so, the Court explained that the MLP had declined to mediate these cases. The Court did, however, set a mediation deadline in September 2013. On September 12, 2013, after the parties mediated the case, the Court lifted the stay. The parties later moved to amend the scheduling order. The Court granted their motion and set trial for October 28, 2014. On July 8, 2014, the parties

---

[1] Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

[2] The MSU Defendants are Mountain State University, Inc., Mountain State University Building Company, Mountain State University Foundation, Inc., and Mountain State University Endowment Fund, Inc.

filed the pending motion to stay proceedings.

## II. Motion to Stay Proceedings

The parties argue that the Colorado River abstention doctrine justifies a stay. They also contend that it would waste judicial resources to continue with these cases given the MSU Defendants' attempts to resolve similar cases before the MLP. They further assert that, if these cases proceed, any judgment in the Plaintiffs' favor may detrimentally impact the settlement fund available for all students because there is a finite amount of funds available due to MSU's closure.

The parties support their motion with the following allegations. Like the cases before the MLP, these cases concern MSU's loss of accreditation. Before these cases began, former MSU students filed similar actions in West Virginia circuit courts. On December 6, 2012, the West Virginia Supreme Court of Appeals referred all state court actions concerning MSU's loss of accreditation to t he MLP. The parties before the MLP are attempting to reach a settlement that includes all students with claims against MSU.

## III. Discussion

It "is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) (citation and quotation marks omitted). Abstention doctrines, however, allow a federal court to "decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest.'" Id. (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996)).

Under Colorado River, a federal court may abstain from hearing a case "in favor of

ongoing, parallel state proceedings in cases where 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favor abstention." Ackerman, 734 F.3d at 248 (citing Colorado River, 424 U.S. at 817). Abstention is an "'extraordinary and narrow exception' to a federal court's strict duty to exercise the jurisdiction conferred on it by Congress." THI of S.C. at Magnolia Manor-Inman, LLC v. Gilbert, Civil Action No. 7:13-cv-02929-GRA, 2014 WL 1284837, at *5 (D.S.C. Apr. 1, 2014) (quoting Quackenbush, 517 U.S. at 728) (alteration omitted). Thus, when considering whether to abstain under Colorado River, the task "is not to find some substantial reason for the *exercise* of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the *surrender* of that jurisdiction.'" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983).

Colorado River calls for a two-step analysis. First, the Court must determine whether the state and federal proceedings are parallel. Id. at 248. If the suits are parallel, a federal court must next determine whether there are exceptional circumstances that warrant abstention. THI of S.C. at Magnolia Manor-Inman, LLC, 2014 WL 1284837, at *5. This analysis requires a careful balancing of "several factors, with the balance heavily weighted in favor of the exercise of jurisdiction." Ackerman, 734 F.3d at 248 (citation and quotation marks omitted). Six factors guide the analysis:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

4

Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005). "In the end, however, abstention should be the exception, not the rule, and it may be considered only when 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" Id. at 464 (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 28).

### 1. Parallel Proceedings

"State and federal actions are parallel if substantially the same parties litigate substantially the same issues in different forums." Ackerman, 734 F.3d at 249 (citations and quotation marks omitted). The Fourth Circuit has "strictly construed the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 208 (4th Cir. 2006).

Here, the proceedings are not parallel. The MSU Defendants are the only parties involved in both proceedings. None of the Plaintiffs are before the MLP. Abstaining therefore would deprive the Plaintiffs of their right to litigate their claims. See id. The Fourth Circuit has found abstention inappropriate when plaintiffs are not a part of the state proceeding. See, e.g., id.; Chase Brexton Health Servs., Inc., 411 F.3d at 464. Moreover, the parties have not shown that the issues in the proceedings are parallel. The parties largely argue that a settlement of the state cases may impact these cases and vice versa. They do not contend that the factual or legal issues presented in those cases are the same or similar to those presented here beyond the fact that all cases arise from MSU's loss of accreditation. The mere possibility that a settlement may be reached before the MLP that impacts these cases does not render these cases parallel. For example, the amount of

5

damages that each Plaintiff may be entitled to if they succeed in these cases likely would vary based on each case's unique facts. Accordingly, abstention is improper because the proceedings are not parallel.

### 2. Exceptional Circumstances

Even if the proceedings were parallel, Colorado River abstention is not warranted because all of the relevant factors favor jurisdiction.

The parties admit that the first two factors do not favor abstention. The first factor does not apply because property is not at issue. See THI of S.C. at Magnolia Manor-Inman, LLC, 2014 WL 1284837, at *7. The second factor–the convenience of the federal forum–favors exercising jurisdiction because the state and federal cases are both pending in West Virginia. See Poston v. John Bell Co., Civil Action No. 5:07-cv-00757, 2008 WL 4066254, at *5 (noting that location of both courts in West Virginia demonstrated the federal forum was not less convenient).

As for the third factor–the desirability of avoiding piecemeal litigation, the parties argue that this litigation is piecemeal because the MSU Defendants have a finite amount of resources from which to pay damages. This is the most important Colorado River factor. Id. at *6. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Gannett Co. v. Clark Constr. Grp., Inc., 286 F.3d 737, 744 (4th Cir. 2002) (citation and quotation marks omitted). However, "[t]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." Colorado River, 424 U.S. at 816. Here, having limited resources from which to pay damages does not render this litigation piecemeal. The MLP proceeding concerns potential settlement of the state court cases.

These cases will be impacted only if a settlement occurs that includes the Plaintiffs. As discussed later, that outcome is not guaranteed. No legal or factual issues are being decided in the MLP proceeding that will cause a conflict with the cases before this Court. Thus, this factor also weighs in favor jurisdiction.

The parties also argue that the fourth factor–the order of jurisdiction and progress of each action–warrants abstention because the initial state actions were filed before these cases. They admit, however, that is it difficult to track the progress of each state case. A court should not weigh this factor "exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 21. Here, the fact that some of the state court cases were filed before these cases is not controlling. See id. What carries the most weight is the fact that these cases are very far along compared to the state cases. These cases were filed beginning in 2012 and will proceed to trial in roughly three months. In contrast, the parties cannot determine to any degree of certainty how close to trial the state cases are. Accordingly, this factor weighs heavily in favor of retaining jurisdiction because these cases have progressed much further than the state cases.

The parties also contend that the fifth factor–whether state or federal law provides the rule of decision–counsels for abstention because the Plaintiffs raise eight state law claims and only one federal claim. "[T]he presence of federal-law issues must always be a major consideration weighing against" abstention. Id. at 26. Moreover, the Fourth Circuit has stated that the fact "[t]hat state law is implicated in [a] breach of contract action does not weigh in favor of abstention, particularly since both parties may find an adequate remedy in either state or federal court." Gannett Co., 286 F.3d at 747 (citations and

7

quotation marks omitted). Here, the presence of a federal claim heavily weighs in favor of jurisdiction. See Moses H. Cone Mem'l Hosp., 460 U.S. at 26. Although there are state law claims, abstaining solely based on their presence would undermine principles central to federal jurisdiction because federal courts "regularly grapple with questions of state law." Gannett Co., 286 F.3d at 746. Thus, this factor also weighs against abstention.

Finally, the parties argue that the sixth factor–the adequacy of the state court cases to protect their rights–favors abstention because a settlement in that proceeding "should provide Plaintiffs with a share of the finite MSU assets." They make no guarantee that a settlement in state court will include the Plaintiffs. This presents a significant risk that the Plaintiffs would lose any right to recover should this Court stay these cases and a settlement occurs that does not include them. Thus, this factor weighs in favor of jurisdiction as it is uncertain that the MLP proceeding will protect the Plaintiffs' rights.

In sum, these cases and the state cases are not parallel proceedings and, even if they were parallel, there are no exceptional circumstances to justify Colorado River abstention as all relevant factors favor maintaining jurisdiction.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Joint Motion to Stay Proceedings.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: July 24, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

8