## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

| | |
|---|---|
| FATOUMA KAMARA; | CIVIL ACTION NOS.: 3:12-CV-143 |
| LINDA OGBONNA; | 3:12-CV-144 |
| HENRIETTA DEDO; | 3:12-CV-145 |
| MARIATU WANN; | 3:12-CV-146 |
| NYNDAN SUMA; | 3:12-CV-147 |
| BILIKI DOUGLAS; | 3:12-CV-148 |
| FLORE KOM; | 3:12-CV-149 |
| MATTHEW FONDU; | 3:12-CV-150 |
| LOVELINE ASONGANYI; | 3:12-CV-151 |
| VERONICA DARIA; | 3:12-CV-152 |
| SARAH NYELENKEH; | 3:12-CV-153 |
| KADIATU SHAW; | 3:12-CV-154 |
| ALFRED SESAY; | 3:12-CV-155 |
| EZEKIEL AKANDE; | 3:12-CV-156 |
| MARIE S. JOSEPH; | 3:12-CV-157 |
| JOSEPH P. THOMAS; | 3:12-CV-158 |
| HANNAH COLE; | 3:12-CV-159 |
| YOLETTE JOANIS; | 3:12-CV-160 |
| LOUISA EWII; | 3:12-CV-161 |
| MARIE N. DUBUCHE; | 3:12-CV-162 |
| ADAMA C. KARGBO; | 3:12-CV-167 |
| PAULINA EYIAH; | 3:13-CV-31 |

      Plaintiffs,

v.

                                                (JUDGE GROH)

CHARLES H. POLK;
MOUNTAIN STATE UNIVERSITY, INC.;
MOUNTAIN STATE UNIVERSITY BUILDING COMPANY;
MOUNTAIN STATE UNIVERSITY FOUNDATION, INC.;
MOUNTAIN STATE UNIVERSITY ENDOWMENT FUND, INC.,

      Defendants.

## **ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND TIME LIMITS**

Currently pending before the Court are the Plaintiffs' Motions to Extend Time Limits, filed on September 17, 2014. In these motions, the Plaintiffs request that the Court allow them to file their Federal Rule of Civil Procedure 26(a)(3) disclosures, voir dire questions, and proposed jury instructions late. These documents were due on September 10, 2014. The Plaintiffs assert that they delivered these documents to the Defendants and provided the Court with a courtesy copy of them on September 10. They neglected, however, to file them on the docket through CM/ECF given the voluminous nature of the documents.

When a party seeks to enlarge the time to file documents after the deadline to do so passed, a court can grant relief only if it finds that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is a high standard. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). The Fourth Circuit has explained the analysis that courts undertake to determine whether excusable neglect exists:

> The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Bredell v. Kempthorne, 290 F. App'x 564, 565 (4th Cir. 2008) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)); see also Gilyard v. Northlake Foods, Inc., 367 F. Supp. 2d 1008, 1010 (E.D. Va. 2005). The reason for the delay is the most important factor in this analysis. Bredell, 290 F. App'x at 565 (citing Thompson, 76 F.3d at 534). This factor, however, is not dispositive because the excusable neglect

analysis mandates an equitable weighing of all the relevant factors.  Gilyard, 367 F. Supp. 2d at 1010.  Indeed, allowing "this factor to triumph" when the other factors weigh in favor of enlarging time "would divorce 'excusable' from 'neglect.'"  Id. at 1011 ("Before a person can be negligent, the ability to do the act must have been within their control. For 'excusable' to have meaning, there must be a circumstance where failure to do that which was within ones control is later allowed by a court."); see also State Farm Fire & Cas. Co. v. No. 9 Software, Inc., Civil Action No. 4:11CV27, 2011 WL 4072667, at *2 (E.D. Va. July 27, 2011) (finding excusable neglect where the only factor weighing against the movant was "that the delay was fully within its control").

Having considered all of the relevant factors, the Court finds that the Plaintiffs failed to meet these deadlines due to excusable neglect.  Extending the deadlines will not prejudice the Defendants.  The Defendants have ample time to object to these filings as the Court previously continued the objections deadline to November 25, 2014.  That extension accounts for the Plaintiffs' delay.  An extension also will not adversely impact these proceedings because it will not require additional modification of the scheduling order.  There also is no indication that the Plaintiffs acted in bad faith.  To the contrary, the Plaintiffs timely prepared the documents and gave them to the Defendants.  The reason for the delay is the only factor weighing against finding excusable neglect as the Plaintiffs only point to the voluminous nature of the documents involved in these cases, something typical of litigation.  However, like in Gilyard and State Farm Fire & Cas. Co., the reason for the delay alone does not trump the Court's determination that all of the other factors demonstrate excusable neglect.  Accordingly, the Court **GRANTS** the Plaintiffs' Motions to Extend Time Limits.

The Court **ORDERS** that the Plaintiffs file their Federal Rule of Civil Procedure 26(a)(3) disclosures, voir dire questions, and proposed jury instructions by **September 22, 2014**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: September 19, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE