IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| FATOUMA KAMARA; | CIVIL ACTION NOS.: 3:12-CV-143 |
| LINDA OGBONNA; | 3:12-CV-144 |
| HENRIETTA DEDO; | 3:12-CV-145 |
| MARIATU WANN; | 3:12-CV-146 |
| NYNDAN SUMA; | 3:12-CV-147 |
| BILIKI DOUGLAS; | 3:12-CV-148 |
| FLORE KOM; | 3:12-CV-149 |
| MATTHEW FONDU; | 3:12-CV-150 |
| LOVELINE ASONGANYI; | 3:12-CV-151 |
| VERONICA DARIA; | 3:12-CV-152 |
| SARAH NYELENKEH; | 3:12-CV-153 |
| KADIATU SHAW; | 3:12-CV-154 |
| ALFRED SESAY; | 3:12-CV-155 |
| EZEKIEL AKANDE; | 3:12-CV-156 |
| MARIE S. JOSEPH; | 3:12-CV-157 |
| JOSEPH P. THOMAS; | 3:12-CV-158 |
| HANNAH COLE; | 3:12-CV-159 |
| YOLETTE JOANIS; | 3:12-CV-160 |
| LOUISA EWII; | 3:12-CV-161 |
| MARIE N. DUBUCHE; | 3:12-CV-162 |
| ADAMA C. KARGBO; | 3:12-CV-167 |
| PAULINA EYIAH; | 3:13-CV-31 |

Plaintiffs,

v.                                                              (JUDGE GROH)

CHARLES H. POLK;
MOUNTAIN STATE UNIVERSITY, INC.;
MOUNTAIN STATE UNIVERSITY BUILDING COMPANY;
MOUNTAIN STATE UNIVERSITY FOUNDATION, INC.;
MOUNTAIN STATE UNIVERSITY ENDOWMENT FUND, INC.,

Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS AND MOTION TO WITHDRAW

On November 5, 2014, this Court held a hearing concerning the Defendants' Motion to Stay Proceedings, filed on October 31, 2014 and a Motion to Withdraw certain motions made by the Defendants at the hearing. The Plaintiffs were present by counsel, Sherman L. Lambert, Sr. The MSU Defendants[1] were present by counsel, Allison B. Williams. Defendant Charles H. Polk was present by counsel, Edward P. Tiffey. For the following reasons, the Court **GRANTED** the Defendants' Motion to Stay Proceedings and **GRANTED** the Defendants' Motion to Withdraw.

### I. Background

The Plaintiffs were nursing students at Mountain State University ("MSU"). While they were enrolled at MSU, MSU lost its accreditation. As a result, the Plaintiffs filed these cases against the MSU Defendants and MSU's former President, Dr. Charles H. Polk.

Hundreds of other students filed lawsuits concerning MSU's loss of accreditation in West Virginia state courts. On December 6, 2012, the Supreme Court of Appeals of West Virginia referred all state court actions arising from MSU's loss of accreditation, including accreditation of its nursing programs, to West Virginia's Mass Litigation Panel ("MLP").

On April 26, 2013, the parties moved to stay and refer these cases to the MLP proceeding for mediation. The Court granted this motion in part, staying the cases but finding no authority to refer the cases to the MLP. The Court did, however, set a mediation deadline in September 2013. On September 12, 2013, after the parties mediated the case,

---

[1] The MSU Defendants are Mountain State University, Inc., Mountain State University Building Company, Mountain State University Foundation, Inc., and Mountain State University Endowment Fund, Inc.

the Court lifted the stay.

On July 8, 2014, the parties filed another motion to stay proceedings because the parties before the MLP were nearing a mandatory settlement that would include all students with claims against MSU. The Court denied their motion. Then, on August 1, 2014, the MSU Defendants and Dr. Polk each filed a motion for summary judgment.

On September 8, 2014, the Defendants filed a motion to continue the remaining dates and deadlines in the scheduling order by sixty days. The Defendants supported their motion with the following allegations. The parties before the MLP had agreed to seek certification of a limited-fund class under West Virginia Rule of Civil Procedure 23(b)(1)(B) and approval of a class settlement agreement. The class settlement, if approved, would include the Plaintiffs and preclude them from proceeding in these cases because a class member cannot opt out of a Rule 23(b)(1)(B) class. Essentially, the settlement would resolve all cases brought by students concerning MSU's loss of accreditation and release all Defendants from liability. The Defendants sought a limited-fund class settlement because the closure of MSU left them with a finite amount of funds to settle all of the cases against them. On September 5, 2014, the Defendants filed a motion for preliminary approval of the limited-fund class and settlement with the MLP. The MLP set a hearing on this motion for October 6, 2014. In response, the Plaintiffs opposed the motion to continue and asked the Court to order the Defendants' insurance carriers to set aside funds to protect their claims.

On September 19, 2014, the Court granted the motion to continue. Specifically, the Court found that it was in the parties' and the Court's interests to await the outcome of the settlement approval proceedings before the MLP because any actions taken in these cases

in the meantime would likely become futile. In doing so, the Court noted that, if the MLP certifies the class and approves the settlement, that the Plaintiffs could no longer proceed in this Court because a member of a limited-fund class cannot opt out of a settlement. The Court then denied the Plaintiffs' motion to order the Defendants' insurance carriers to set aside funds to pay their claims because it lacked authority to take such an action. As a final matter, the Court entered a new scheduling order that, among other things, set pre-trial for January 9, 2015 and trial for January 13, 2015.

On October 29, 2014, the Court set a status hearing for November 5, 2014 concerning the procedural posture of the MLP proceedings and the future course of action to be taken in the Court's cases. Shortly thereafter, on October 31, 2014, the Defendants filed a Motion to Stay Proceedings. The Defendants supported their Motion to Stay with the following allegations. On October 6, 2014, the MLP held a hearing on the Defendants' motion for preliminary approval of the limited-fund class and settlement. At that hearing, the MLP preliminarily approved the class and settlement, which encompasses the Plaintiffs. The MLP entered a preliminary approval order reflecting that decision on October 24, 2014. That order did the following, among other things:

- Certified a class pursuant to West Virginia Rule of Civil Procedure 23(a) and (b)(1)(B) that encompasses the Plaintiffs. The class definition, in pertinent part, is: "All persons who, (1) on or after May 27, 2008, attended classes with Mountain State University, Inc. in nursing or any health sciences program, including but not limited to pre-nursing . . . and who did not obtain a degree from The University of Charleston, Inc. or Mountain State University Inc. . . ." Defs.' Mot. to Stay Ex. A ¶ 4.

- Preliminary approved the class action settlement agreement. Id. ¶ 11.

- Approved of the parties' plan to notify class members of the proposed settlement agreement and directed notice to be given to the class within fourteen days of the order. Id. ¶¶ 12-14.

- Scheduled a final fairness hearing concerning the settlement agreement for January 16, 2015 at 10:00 a.m. Id. ¶ 15. Set a deadline of November 17, 2014 for documents supporting final approval and any applications for attorney's fees and costs. Id. ¶¶ 16-17. Set a deadline of December 1, 2014 for putative class members to file a notice of intent to appear at the final fairness hearing and a written statement outlining their basis for opposing the settlement agreement. Id. ¶ 18.

- Enjoined class members from litigating cases subject to the settlement. Id. ¶ 21. Specifically, the MLP ordered: "Pending final determination of whether the Agreement should be finally approved, . . . each Putative Class Member is hereby enjoined from . . . prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims. Such injunction shall remain in force unless the Agreement fails to become Final or until such time as the Parties notify the Court that the Agreement has been terminated." Id.

Upon review of the Motion to Stay, the Court ordered that it would consider the motion at the status hearing on November 5, 2014.

## II. Motion to Stay and Motion to Withdraw

At the hearing, the Court first considered the Motion to Stay. United States District Judge Frederick P. Stamp, Jr. recently summarized a district court's authority to stay a civil case:

> A district court possesses inherent power to stay, sua sponte, an action before it. Crown Cent. Petroleum Corp. v. Dep't of Energy, 102 F.R.D. 95, 98–99 (D. Md.1984) (citing Landis v. N. Am. Co., 299 U.S. 248, 254–255 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket ....")); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In exercising its judgment, the court must weigh competing interests and consider the effects of the stay on the court's docket, on counsel, and on the litigants. Landis, 299 U.S. at 254–55. Further, the court must ensure that the stay is not "immoderate" and limit the scope of the stay within a reasonable time frame. Id. at 257.

Trans Energy, Inc. v. EQT Prod. Co., Civil Action No. 5:13CV93, 2014 WL 268641, at *12

(N.D.W. Va. Jan. 23, 2014).

No court in this district has enumerated factors to consider when assessing a motion to stay. Courts in the Southern District of West Virginia, however, assess three factors based on the Supreme Court's decision in Landis v. North American Co.: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." White v. Ally Fin. Inc., 969 F. Supp. 2d 451, 462 & n.8 (S.D.W. Va. 2013) (citation and quotation marks omitted).

In the Motion to Stay and at the hearing, the Defendants argued that all three factors favored a stay. The Plaintiffs did not dispute those arguments or that they were putative class members. They did, however, raise issues about the procedural aspects of the MLP proceeding. Specifically, the Plaintiffs were concerned about receiving notice as class members and obtaining reimbursement of attorney's fees and costs under the agreement.

After hearing the Defendants' argument and the Plaintiffs' response, the Court inquired into the status of four motions pending on the Court's docket: two motions for summary judgment and two motions in limine respectively filed by the MSU Defendants and Dr. Polk.

Following a recess requested by counsel for the Defendants, the Defendants and Plaintiffs informed the Court that they had resolved the issues raised at the hearing. The Defendants moved to withdraw the pending motions for summary judgment and motions in limine with leave to leave to refile them if the stay is lifted and the federal cases proceed in normal course. Next, the parties stated that they had agreed to a stay, which would be lifted thirty days following entry of an order of final approval of the settlement by the MLP. The Defendants further averred that they would not object to the Plaintiffs moving to

intervene or filing motions for fees and costs in the MLP proceeding.

First considering the Motion to Withdraw, the Court **FOUND** good cause supported this motion and therefore **GRANTED** the Motion to Withdraw. Accordingly, the Court **ORDERED** the following motions terminated: (1) The MSU Defendants' Motion for Summary Judgment; (2) Defendant Charles H. Polk's Motion for Summary Judgment; (3) Defendant Mountain State University, Inc.'s Motions in Limine; and (4) Defendant Charles H. Polk's Motions in Limine. The Court **GRANTED** the Defendants leave to renew these motions should these cases proceed in normal course after the stay is lifted.

The Court then considered the Motion to Stay. Upon consideration of this motion and the agreement of the parties, the Court **GRANTED** the unopposed Motion to Stay and **ORDERED** the above-styled cases **STAYED**. The Court **ORDERED** that the stay will be lifted thirty days after the MLP enters a final order on the limited-fund class settlement agreement. In addition, the Court **VACATED** the Second Amended Scheduling Order entered in these cases. If the MLP does not approve the settlement agreement, the Court will order the parties to confer and submit a new scheduling order checklist with proposed dates that the Court will use to issue an amended scheduling order. The amended scheduling order will, among other things, contain deadlines for the Defendants to refile their motions for summary judgment and motions in limine.

In granting the Motion to Stay, the Court found that the stay was reasonable and that all three factors favored granting the motion. See White, 969 F. Supp. 2d at 462.

Considering the interests of judicial economy, the Plaintiffs cannot opt out of the limited-fund class. If the settlement is finalized, they will be barred from proceeding in these cases. See State ex rel. Taylor v. Nibert, 640 S.E.2d 192, 194 (W. Va. 2006). Thus,

any actions taken in these cases before the MLP's decision on final approval of the settlement would be futile because the settlement would resolve the Plaintiffs' claims. A stay therefore is in the interests of judicial economy.

The next factor, the hardship and equity to the Defendants absent a stay, also favored a stay. As the Defendants argued in their motion, if the Plaintiffs proceed here and obtain a judgment and the MLP later approves the settlement, the Defendants could only satisfy that judgment by breaching their obligation to distribute their finite pool of funds according to the settlement agreement. Thus, not granting a stay would likely cause the Defendants to suffer significant hardship from conflicting legal obligations.

As for the final factor, a stay would not prejudice the Plaintiffs. Should the Court not stay these cases and the Plaintiffs obtain a judgment before the settlement is finalized, there is a significant chance they will never collect that judgment because the Defendants' assets would likely already be distributed under the settlement agreement by the time post-trial proceedings end. A stay entirely avoids that risk. If the settlement is approved, the Plaintiffs will recover. If the settlement is not approved, the Plaintiffs can continue to litigate their claims in this Court. Thus, if anything, a stay benefits the Plaintiffs. Further, if the Plaintiffs seek to challenge the settlement agreement, they have an adequate forum in which to do so: the MLP proceeding. Thus, this factor also favored a stay.

There being no further business before the Court, the Court adjourned.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: November 7, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE